

1  JUNJI SUZUKI (SBN 184738)
   junji@marshallsuzuki.com
2  MARSHALL SUZUKI LAW GROUP, LLP
   230 California Street, Suite 415
3  San Francisco, CA 94111
   Telephone: (415) 618-0090
4  Facsimile: (415) 618-0190
5  Attorney for Applicant and Moving Party,
6  Himeka Kaminaguchi

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11  IN RE:                                )  Case No:  5:20-mc-80124-NC   **NC**
                                          )
12                                        )
    MOTION TO COMPEL COMPLIANCE           )  **HIMEKA KAMINAGUCHI'S NOTICE OF**
13  OF SUBPOENA ISSUED PURSUANT           )  **MOTION AND MOTION TO COMPEL**
    TO COURT ORDER ON                     )  **COMPLIANCE WITH SUBPOENA**
14  APPLICATION OF HIMEKA                 )  **ISSUED PURSUANT TO 28 U.S.C. § 1782;**
    KAMINAGUCHI  UNDER                    )  **SUPPORTING MEMORANDUM OF**
15  28 U.S.C. 1782                        )  **POINTS AND AUTHORITIES**
                                          )
16

17                                           Date:   January 13, 2021
                                             Time:   1 p.m.
18                                           Dept.:  Courtroom 5 – 4th Floor
                                             Judge:  Hon. Nathanael M. Cousins
19

20

21      _____

22      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      **PLEASE TAKE NOTICE THAT** on^1/13 2021^, at 1 p.m.  , or as soon thereafter as this

24  matter may be heard by the above-entitled Court, located at 280 South 1st Street, San Jose, CA

25  95113, in the courtroom of Hon. Nathanael M. Cousins, Applicant and Moving Party, Himeka

26  Kaminaguchi (hereinafter referred to as "Applicant") will and hereby does move the Court for

27  an order compelling Twitter, Inc. (hereinafter referred to as "Twitter") to comply with a

28

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of
Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES

1  subpoena issued to it pursuant to a court order under 28 U.S.C. § 1782.   This motion is

2  brought pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i).

3          The issue to be decided is whether any of Twitter's stated objections are a proper basis

4  for its refusal to comply with the Court's order under 28 U.S.C. § 1782 and with the subpoena

5  issued pursuant to that order. Applicant submits that there is no basis of any kind for non-

6  compliance and respectfully requests that this Court issue an order directing Twitter to comply

7  with the subject subpoena .  Applicant, pursuant to this Court's order of August 3, 2020,

8  served the subpoena on Twitter over three months ago, and, despite two telephone conferences

9  and multiple exchanges of letters and e-mails between the parties' attorneys, Twitter has

10 refused to produce any information to Applicant.  Twitter's refusal to produce the requested

11 information has rendered Applicant unable to seek damages for defamation and invasion of

12 privacy against the person or persons who defamed Applicant and unlawfully invaded her

13 privacy by posting on Twitter certain anonymous statements that, under Japanese law,

14 constitute defamation and invasion of privacy. Twitter's two stated objections for refusing to

15 comply with the subpoena are incorrectly relied upon in this instance and non-compliance with

16 the subject subpoena is unsupported by applicable law and the facts in this situation.

17          This motion is based on this Notice of Motion and Motion, the Memorandum of Points

18 and Authorities in Support filed herewith, the declarations of Junji Suzuki and Taku Inoue, the

19 pleadings and papers on file herein, and upon such other evidence or argument as may be

20 presented to the Court at the time of the hearing.

22 Dated: November 24 , 2020                MARSHALL SUZUKI LAW GROUP, LLP

24                                          By: _____
25                                               Junji Suzuki
                                                 Attorney for Applicant,
26                                               Himeka Kaminaguchi

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of
Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF RELEVANT FACTS

Applicant is an eighteen(18) year old female. Applicant appeared on the reality TV show (the "Show") in Japan, the title of which is "I am falling in love with you today" ("今日、好きになりました" in Japanese). The Show is a Japanese dating and relationship reality television series that debuted on October 16, 2017 on Abema TV, which is one of the most popular destinations on web-based TV. The Show, which features actors who are all high school students, is popular among young people. Declaration of Himeka Kaminaguchi ("Himeka Decl") ¶ 3.

On March 29, 2020, an unknown individual (hereinafter referred to as "Account 1 Twitterer"), and/or business, operating under the Twitter name of @tdtdpatdtubuww (hereinafter referred to as "Twitter Account 1") posted a libelous statement regarding Applicant (hereinafter referred to as "Post 1"). Post 1 stated that "Applicant had intercourse with male co-star Kaiki, and this intercourse caused the breakup of the relationship of the couple Kaiki and Momona," who were both actors on the Show with Applicant in the same season. Though this statement was completely baseless, posting it resulted in the significant cyberbullying of Applicant. Declaration of Taku Inoue ("Inoue Decl") ¶ 4.

On May 23, 2020, an unknown individual (hereinafter referred to as "Account 2 Twitterer") (Account 1 Twitterer and Account 2 Twitterer are hereinafter collectively referred to as the "Twitterers"), and/or business, operating under Twitter name of @xyz_of_truth (hereinafter referred to as "Twitter Account 2") ("Twitter Account 1" and "Twitter Account 2" are hereinafter collectively referred to as the "Twitter Accounts") posted a recorded private conversation between Applicant and her co-stars on the Show (hereinafter referred to as "Post 2") (Post 1 and Post 2 are hereinafter collectively referred to as the "Posts"). Account 2 Twitterer posted Post 2 containing a recorded private conversation recorded by Applicant.  In

1  that recording, Applicant and her co-stars, including Kenta, Yuina and Eimi, talked about the
2  rumor as described in Post 1. Some individuals who subsequently checked Twitter Account 2
3  apparently believed that Applicant posted Post 2 in order to calm the criticism that was being
4  directed against her since Post 2 included information and a recording  that only Applicant or
5  her co-stars could have known about. Applicant was again exposed to harsh criticism due to
6  Post 2. Inoue Decl. ¶ 4.

7  According to Taku Inoue ("Inoue"), Applicant's Japanese attorney, Post 1 is false,  was
8  posted for harassment purposes and constitutes defamation under Japanese law. Furthermore,
9  Post 2 constitutes a violation of privacy, which allows a victim to seek damages under
10  Japanese law. Inoue Decl. ¶ 5 - 7.

11  On August 3, 2020, this Court authorized Applicant to issue a subpoena to Twitter
12  under 28 U.S.C. § 1782, a discovery provision that facilitates U.S. assistance in foreign
13  proceedings. Declaration of Junji Suzuki ("Suzuki Decl") ¶ 3.

14  Three months have elapsed since Twitter was served with that Subpoena, yet Twitter
15  still has not produced any documents or information requested by the subpoena, despite the
16  efforts made by Applicant to address any concerns Twitter had through two telephone
17  conferences and multiple exchanges of letters and e-mails between the parties' attorneys.
18  Twitter continues to assert a baseless boilerplate objection that contradicts long-accepted
19  principles of discovery and has failed to provide any substantive arguments specific to the
20  facts of this case other than merely reciting the First Amendment objection. Suzuki Decl ¶ 4 -
21  10.

22
23  It is important to note that Twitter, in its letter dated August 20, 2020 (the "Twitter
24  Objections"), and consistently thereafter, limited its objections to two: one based on the First
25  Amendment and another based on the assertion that the subpoena is burdensome and
26  overbroad. Suzuki Decl ¶ 6, Exhibit 5. Both issues relate to the fourth factor under *Intel Corp.*

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

*v. Advanced Micro Devices, Inc.*, 542 US 241, 264-265 (US 2004), i.e. "(4) whether the discovery requested is "unduly intrusive or burdensome." Suzuki Decl. ¶ 6.   Therefore, any other issues not raised in the Twitter Objections should be deemed to have been waived and, for the reasons provided below, this Court should issue an order compelling Twitter to comply with the subpoena as issued.   *Peermusic v. Liveuniverse, Inc.* (C.D.Cal. Feb. 24, 2011, No. CV 09-6160-GW (PLAx)) 2011 U.S.Dist.LEXIS 161764, at *4. ("[A]ny ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure.")

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 USC. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 US Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 USC. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to US federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 US Dist. LEXIS 66669, 3-4 (N.D. Cal. May

Page 5 of 16
In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of
Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782; SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES

2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 US 241, 264-265 (US 2004)).

**B.   Applicant Met All of the Statutory Requirements under 28 USC. § 1782.**

**1.   Twitter From Whom Discovery Is Sought Is Located in This District.**

Twitter, from whom the discovery requested in this application is sought, is located in San Francisco, California.  Therefore, Twitter is within this Court's district.

**2.   The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested must be used in a proceeding before a foreign tribunal. The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra*, at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicant intends to bring a lawsuit in Japan against the Twitterers with Twitter accounts in question as soon as their identity has been ascertained through the discovery sought by the subject subpoena. Inoue Decl.  ¶ 8. Thus, the requirement that the discovery be for use in a foreign proceeding has been met.

**3.   Applicant is Interested Party under 28 USC. § 1782**

The application to seek discovery pursuant to 28 USC. § 1782 may be made by "any interested person." As plaintiff in the anticipated litigation in Japan, Applicant is clearly an interested person under 28 USC. § 1782.

**C.   Applicant's Application Further Meets All of the Discretionary Factors under *Intel*.**

**1.   Twitter Is Not A Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 US at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Twitter is not intended to be a participant in the prospective Japanese lawsuit. Inoue Decl. at ¶ 12. Also, the documents that Applicant seeks are located in the United States and not in Japan.  Thus, they are out of reach of the Japanese court's jurisdiction.

**2.   The Requested Information Is Crucial to Applicant's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to US federal-court judicial assistance." *Intel.* at 264.

In order to identify the person or persons who committed unlawful acts against Applicant through the Twitter Accounts in question for purposes of bringing a lawsuit against them in a Japanese court, it is crucial for Applicant to obtain the information relevant to the Twitter Accounts. Inoue Decl. ¶ 9. Japanese law does not allow "John Doe defendant" in civil litigation, and a plaintiff must state names and physical addresses of the all parties in the complaint. Article 2 (1) of Rules of Civil Procedure (Rules of the Supreme Court of Japan No. 5 of 1996 ).  *Id.* Therefore, without first obtaining the information about the Twitter Accounts, Applicant may not even commence litigation. *Id at* ¶ 11.

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been consistently receptive to the discovery assistance given by the US courts.  *Marubeni Am. Corp. v. LBA YK*, 335 Fed. Appx. 95, 97-98, 2009 US App. LEXIS

1  12953, *7-8 (2d Cir. NY. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 US

2  Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

3      **3.  Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign**

4          **Proof Restrictions or Policies.**

5      "A district court could consider whether the § 1782(a) request conceals an attempt to

6  circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

7  United States." *Intel.* at 265.

8      Applicant is not aware of any restrictions imposed by, or any policies under, Japanese

9  law limiting the proof-gathering proceeding in the manner proposed and for the purposes

10  stated herein. Inoue Decl. ¶ 13.  In the past, courts have granted 28 USC. § 1782 applications

11  for the use in the proceedings in Japan, both civil and criminal, as well.  *Marubeni Am. Corp.*

12  at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the*

13  *Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 US App. LEXIS 2440, *3-6,

14  94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan)

15  200 (9th Cir. Cal. 1994).

16      **4.  Applicant's Request Is Narrowly Tailored to Highly Relevant Information and**

17          **Not Unduly Intrusive or Burdensome.**

18      "Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel.* at 265.

19      As shown in the proposed subpoena to Twitter attached to the proposed order submitted

20  with this application, the discovery requested by Applicant is narrowly tailored and limited to

21  discovery materials related to the Twitter Accounts through which the identity of the

22  defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

23      First, the proposed subpoena does not seek disclosure of the content of any

24  communications associated with the Twitter Accounts. *Optiver Australia Pty. Ltd. v.Tibra*

25  *Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing

26  prohibitions of Stored Communications Act, 18 USC § 2701 et seq).

27

28

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of
Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782; SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES

Second, the proposed subpoena only seeks disclosure of names and addresses of the person(s) whose credit card is associated with each of the Twitter Accounts. It does not seek disclosure of credit card numbers or any other sensitive information. *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-VKD, ND. Cal. May 15, 2019 (admitted that applicant seeks disclosure of name and address of credit card holder registered on Google Account).

However, it is highly unlikely that the Twitterers have provided their true name and addresses to Twitter. Thus, there is a high probability that the names and addresses Twitter may have on file in connection with the Twitter Accounts, even if they are disclosed in response to the proposed subpoena, will be fictitious and will not help Applicant identify the Twitterers. In such case, an access log is the only available information that could identify the Twitterers. See Inoue Decl. ¶ 10. *In re Kiki. Co., Ltd.*, Case No. 19-mc-80048-NC, ND. Cal. February 25, 2019. *In re Med. Corp. H&S* (N.D.Cal. Mar. 15, 2019, No. 19-mc-80058-VKD) 2019 U.S.Dist.LEXIS 42926. *Med. Corp. H&S v. Defendant* (N.D.Cal. May 30, 2019, No. 19-mc-80107-SVK) 2019 U.S.Dist.LEXIS 90977. *M&S LLC v. M&S LLC* (N.D.Cal. Aug. 19, 2019, No. 19-mc-80168-DMR) 2019 U.S.Dist.LEXIS 140311. *In re Exparte Med. Corp. H&S* (N.D.Cal. Aug. 21, 2019, No. 19-mc-80186-VKD) 2019 U.S.Dist.LEXIS 142289. (all orders above admitted that applicant seeks disclosure of access logs.)

The access logs at the time of the posting and login history just before the posting should be allowed because there is a possibility that these logs remain available and have not been deleted yet, even though they were recorded more than 6 months ago. *Id* [[S]ome providers keep access logs for more than 6 months].

However, these logs alone, assuming they exist, may be incomplete or insufficient to identify the Twitterers. *Id.* In addition, in case the Twitterers used special tools for anonymization such as Tor (The Onion Router), the access log at the time of posting would not reveal sufficient information for identifying. *Id.* From Twitter's perspective, it is neither unduly intrusive nor burdensome to disclose *all* access logs, in lieu of the log at the time of

posting. Providers such as Twitter routinely delete old access logs and keep only fresh access logs for the most recent several months. In fact, it would be more burdensome for Twitter to have to search for a particular access log containing all the information necessary to identify the Twitterer.

Furthermore, access logs themselves contain no substantial private information for the Twitter Accounts. Access logs only disclose time stamps (showing when the Twitter Accounts holders accessed) and IP addresses. Any other substantial private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed. See Inoue Decl. ¶ 10.

Twitter is not sincere in continuing to maintain its boilerplate "burdensome and overbroad" objection after having discussed all of the above fully during meet and confer sessions. Twitter has never specified the reason why searching for the information that the Applicant seeks is "burdensome and overbroad", even though that information is recorded and kept on Twitter's server as data files. Suzuki Decl 7. The courts routinely granted a § 1782 request similar to the Applicant's subpoena. In re Yuichiro Yasuda (N.D.Cal. Oct. 7, 2019, No. 19-mc-80127-TSH) 2019 U.S.Dist.LEXIS 174001, at *10 (finding that the subpoena issued to Twitter seeking "IP addresses, account information and identifying information of the anonymous defendant's Twitter account to unmask their identity" is relevant to Applicant's anticipated defamation claim and "discovery is likely to lead to identifying information." (citing Jommi, 2013 U.S. Dist. LEXIS 163201, 2013 WL 6058201, at *4; Frontier, 2019 U.S. Dist. LEXIS 125191, 2019 WL 3345348, at *5; In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness Eesi OÜ, 2017 U.S. Dist. LEXIS 62115, 2017 WL 1436096, at *4 (N.D. Cal. Apr. 24, 2017)) The court in Yasuda further found that "Applicant's request is narrowly tailored and is not overly intrusive. Applicant seeks identifying information and not the content of any communication. See Frontier, 2019 U.S. Dist. LEXIS 125191, 2019 WL 3345348, at *5 (granting a § 1782 request to issue a subpoena for the name, address, email

address, telephone number and account holder settlement information, including credit card payments and credit card company)". Id.   Furthermore, "Internet service providers and operators of communication systems are "generally familiar with this type of discovery request." In re Roebers, 2012 U.S. Dist. LEXIS 97008, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (finding § 1782 application to subpoena [*11] Apple, Inc. and Yahoo! Inc. for identifying documents was not overly burdensome)" Id. at *10-11.

Finally, in order to seek the identity of an anonymous speaker whose speech may be protected by the First Amendment, it is required that "the applicant: (1) identifies the party with sufficient specificity that the court can determine that the party is a real person subject to suit; (2) identifies all previous steps taken to locate and identify the party; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to identifying information." *In re Jommi*, 2013 US Dist. LEXIS 163201, 2013 WL 60582019.

Here, Applicant seeks the identity of the Twitterers of the Posts on the Twitter Accounts and has identified the Posts by account names. Inoue took steps to identify the author and his investigation revealed that the server of the Twitterers is Twitter. Furthermore, since Japanese law does not allow "Doe defendants" in civil litigation, without first obtaining the information about the Twitter Accounts, Applicant may not even commence litigation. Applicant's subpoena is narrowly tailored to seek IP addresses and the Twitterers' information likely to identify the author of the Posts and does not seek the content of any communication. Moreover, the Court has limited the scope of the subpoena regarding IP addresses to produce only those "on the dates the foregoing accounts were used to make the posts in question."

Lastly, Applicant's intended lawsuit will withstand a motion to dismiss since certain anonymous statements posted by the Twitterers constitute defamation and an invasion of privacy against Applicant under Japanese law.

In Japan, a victim can seek damages in defamation against a person who defames her by alleging facts in public. The name of Twitter Account 1 (the name is an abbreviation of the Show), as well as a large number of posts, were on their face clearly related to the Show and contained defamatory comments. Himeka Decl ¶ 4. The name of Twitter Account 2 means "tell the truth" and Twitter Account 2 was created only for the purpose of posting the illegally obtained recording of the Applicant's private conversation with co-stars of the Show. The Twitter Accounts were most likely created to defame Applicant and to expose her private conversation, and the Posts were posted in order to harm the Applicant's reputation. Himeka Decl ¶ 5.

Account 1 Twitterer posted Post 1 on Twitter revealing private activities, viewable by anyone, and the statement was completely false.   Post 1 stated that Applicant had intercourse with the male co-star Kaiki, and that this intercourse caused the breakup of the relationship of the co-star couple. Account 1 Twitterer posted Post 1 as fact, not as an individual opinion. Applicant never had any intercourse with the male co-star and is experiencing a great deal of emotional pain due to Post 1. After Post 1 was tweeted, the number of critical and offensive posts on Applicant's Twitter account markedly increased. Himeka Decl ¶ 4.  Due to these offensive posts, Applicant has even considered suicide. . Himeka Decl ¶ 6. Although a victim of defamation is not required to show that the statement is false, Post 1 was completely baseless and false. Applicant incurred damages as a result of Account 1 Twitterer who posted

Page 12 of 16
<u>In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of</u>
<u>Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)</u>
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS
AND AUTHORITIES

1   false factual statements on Twitter viewable by the public. Even under California law,

2   "words imputing to a woman a want of chastity are actionable *per se.*"  *Peterson v.*

3   *Rasmussen* (1920) 47 Cal.App. 694, 699.

4
5          Account 2 Twitterer illegally obtained and uploaded on a publicly accessible medium

6   a private conversation which was recorded and owned by Applicant. In Japan, a victim can

7   recover damages for invasion of privacy against a person if: (1) information that is unknown

8   to the public and may be perceived as fact in his/her private life is disclosed; (2) information

9   is published in a form that anyone can access; and (3) the victim feels uncomfortable or

10  anxious by disclosing information.  Such acts are also actionable under California law.  *Doe*

11  *v. John F Kennedy Univ.* (N.D.Cal. Aug. 27, 2013, No. C-13-01137 DMR) 2013

12  U.S.Dist.LEXIS 122050, at *34-35. ("The elements of a claim  for public disclosure of

13  private facts under California law are "1) public disclosure (2) of a private fact (3) which

14  would be offensive and objectionable to the reasonable person and (4) which is not of

15  legitimate public concern.""")  In the uploaded recording, Applicant and co-stars talked about

16  the rumor in Post 1. This recorded conversation was not expected to be disclosed to the

17  public. Account 2 Twitterer re-posted Post 2 on Twitter without using a private setting and

18  allowed anyone to access it. Applicant is experiencing a great deal of emotional pain due to

19  Post 2. Himeka Decl ¶ 5.  Post 2 resulted in an increased  number of critical and offensive

20  posts on Applicant's Twitter account. Due to these offensive posts, Applicant has even

21  considered suicide. Himeka Decl ¶ 6  Thus, Applicant incurred damages as a result of

22  Account 2 Twitterer since Account 2 Twitterer disclosed a private conversation.

23

24

25

26

27

28

Despite considerable meet and confer efforts, Twitter has failed to articulate how the First Amendment issues were insufficiently addressed during the process leading to the Court's order and the issuance of the subject subpoena based on the specific facts to this case Instead, Twitter merely repetitiously cites *Music Grp. MacaoCommercial Offshore Ltd . v . Does* , 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) and *Smythe v. Does* (N.D.Cal. Jan. 5, 2016, No. 15-mc-80292-LB) 2016 U.S.Dist.LEXIS 1348.

Both cases are distinguishable from the Applicant's case.  Here, the Posts do not include any direct or indirect commercial criticism as in *Music Grp*.  Post 1 includes a defamation per se statement against a private figure, falsely stating that Applicant had intercourse with her male co-star, which caused the breakup of a relationship.  Post 1 accused Applicant of a lack of chastity and alone is actionable in both Japan and California.  Inoue Decl ¶ 6.. . *Peterson at* 699.    In  *Music Grp*, the court found that the post that said "the company's CEO engages with prostitutes" would be plainly defamatory and so defamation per se. *Music Grp* at 985. When a statement is defamation per se, the test under *Jommi* is satisfied. *In re Yasuda,* 2019 U.S. Dist. LEXIS 174001, 2019 WL 4933581, at *4 (N.D. Cal. Oct. 7, 2019) (denying Twitter's motion to quash a subpoena seeking to unmask an anonymous speaker).

Post 2 posted and publicly disclosed the illegally obtained recording of the Applicant's private conversation with co-stars of the Show.  In *Smythe*, the court found that the image of the plaintiff's "mortgage document" uploaded to Twitter was wholly illegible and thus not sufficient to constitute a "real evidentiary basis" for defamation.  Here, Applicant, in her application, submitted to the court a copy of the recording, along with the

translation thereof. The recorded conversation was the recorded phone call between the co-stars at a restaurant in Tokyo and the Applicant at home. During the conversation, no one other than the Applicant and her co-stars were present. The Applicant secretly recorded the conversation and kept the recording file on her smartphone. The Applicant never disclosed or posted the file on a publicly accessible medium. The Applicant shared the file only with her agent, and the agent shared it with Kaiki's and Momona's agent (The Applicant's agent, Kaiki's agent and Momona's agent are hereinafter collectively referred to as the "Agents"). I locked my smartphone with a password and never informed anyone of the code. Moreover, the Agents asserted that they did not share the file with others and they properly kept the file on their computer. There is no doubt that someone unlocked the Applicant's smartphone or the Agents' computer and copied the data illegally via hacking or other unlawful method. Himeka Decl ¶ 5.

Post 2 also constitutes invasion of privacy and is also actionable in both Japan and California. Inoue Decl. ¶ 7. *John F Kennedy Univ.* at *34-35. Applicant is the party in this proceeding and will be the party of the anticipated lawsuit in Japan. Furthermore, the court found that the comment "Music Group encourages domestic violence and misogyny" is less like legitimate commercial criticism and more like "fighting words and obscenity" that "are not protected by the First Amendment at all." Nevertheless, because this comment was tagged with a comedic advertisement video of Music Group's product, in that context the court concluded that there was no way to see the statement as anything other than joking and ironic, and it did not fall outside the First Amendment. However, unlike in *Music Grp*, it is

In re Motion to Compel Compliance of Subpoena Issued Pursuant to Court Order on Application of Himeka Kaminaguchi Under 28 U.S.C. 1782 , (5:20-mc-80124)
HIMEKA KAMINAGUCHI'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782;  SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

clear that the Posts in this case were not comedic comments and that the Twitterers intended to defame or invade the Applicant's privacy.

Based on the above, Applicant has met the *Jommi* test. The subject subpoena is narrowly tailored to obtain highly relevant information and is neither unduly intrusive or burdensome nor subject to First Amendment protections.

## II.    CONCLUSION

For the reasons stated above, Applicant respectfully requests that this Court issue an order directing Twitter to fully comply with the outstanding subpoena.

Dated: November 24, 2020                    Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By: _____

Junji Suzuki
Attorney for Applicant, Moving Party
Himeka Kaminaguchi